IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOHN ARTHUR FLUGER,

Petitioner,

v.

DARREN DANIELS, et al.,

Respondents.

Case No. 3:12-cv-00086-JO

OPINION AND ORDER

Thomas J. Hester, Assistant Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, Oregon 97204

Attorney for Petitioner

Ellen F. Rosenblum, Attorney General
Nick M. Kallstrom, Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97310

Attorneys for Respondent

JONES, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 challenging the legality of his underlying state-court convictions for Stalking and Violation of a Court's Stalking Protective Order. For the reasons that follow, the Amended Petition for Writ of Habeas Corpus (#9) is denied.

**BACKGROUND**

Petitioner began stalking the victim in this case, Kelly Mazour, in the early 1990's. In an attempt to evade petitioner, Mazour quit her job, moved away, changed her telephone number and ensured the new number was unlisted. Nevertheless, petitioner located Mazour and continued to and harass her. As a result, in February 1997, petitioner was convicted of violating a court stalking order resulting in a five-year probationary sentence. Four years later, petitioner absconded from his probation.

In April 2005, petitioner resumed stalking Mazour. Mazour contacted the authorities, and the Multnomah County Grand Jury indicted petitioner on charges of Stalking and Violating a Court's Stalking Protective Order. Following a jury trial at which he did not testify, the trial court imposed concurrent 56-month departure sentences and three years of post-prison supervision. Respondent's Exhibit 105, p. 62.

Petitioner took a direct appeal challenging the imposition of his departure sentences, but the Oregon Court of Appeals affirmed

trial court without opinion, and the Oregon Supreme Court denied review. *State v. Fluger*, 221 Or. App. 197, 189 P.3d 752, *rev. denied*, 345 Or. 317, 195 P.3d 65 (2008).

Petitioner next filed for post-conviction relief ("PCR") in Marion County where the PCR trial court denied relief. Respondent's Exhibit 126. The Oregon Court of Appeals affirmed the PCR trial court's decision without opinion, and the Oregon Supreme Court denied review. *Fluger v. Kilmer*, 241 Or. App. 723, 250 P.3d 992, *rev. denied*, 340 423, 256 P.3d 1097 (2011).

Petitioner filed this federal habeas corpus case on January 13, 2012 wherein he raises four grounds for relief with a number of sub-claims. Respondent asks the court to deny relief on the Amended Petition because: (1) with the exception of a single claim of ineffective assistance of counsel, all of petitioner's claims are procedurally defaulted; and (2) petitioner's ineffective assistance of counsel claim lacks merit.

**DISCUSSION**

**I. Unargued Claims**

It is petitioner who is responsible for meeting his burden of proof in this case. *Silva v. Woodford*, 279 F.3d 825, 835 (9th Cir. 2002). With the assistance of appointed counsel, petitioner chooses to argue a single claim: whether trial counsel was ineffective for failing to ensure that petitioner's waiver of his right to testify in his own defense was knowing, voluntary, and

intelligent. Petitioner does not argue the remaining claims in his Amended Petition, nor does he address respondent's contention that the remaining claims are procedurally defaulted. Consequently, petitioner has not met his burden in this case. Notwithstanding this failure, the court has reviewed petitioner's unargued claims on the existing record and finds that they do not entitle him to habeas corpus relief.

## II. **The Merits**

### A. **Standard of Review**

An application for a writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court's findings of fact are presumed correct, and petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court

and nevertheless arrives at a result different from [that] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, a federal habeas court may grant relief "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id* at 413. The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous. *Id* at 410. The state court's application of clearly established law must be objectively unreasonable. *Id* at 409.

**B. Analysis**

According to petitioner, his trial attorney refused to allow him to take the stand despite petitioner's desire to do so. Consequently, petitioner asserts that counsel rendered ineffective assistance when he failed to ensure that petitioner knowingly and voluntarily waived his right to testify on his own behalf.

Because no Supreme Court precedent is directly on point that corresponds to the facts of this case, the court uses the general two-part test established by the Supreme Court to determine whether petitioner received ineffective assistance of counsel. *Knowles v. Mirzayance*, 556 U.S. 111, 122-23 (2009). First, petitioner must show that his counsel's performance fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 686-87 (1984). Due to the difficulties in evaluating

counsel's performance, courts must indulge a strong presumption that the conduct falls within the "wide range of reasonable professional assistance." *Id* at 689.

Second, petitioner must show that his counsel's performance prejudiced the defense. The appropriate test for prejudice is whether the petitioner can show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id* at 694. A reasonable probability is one which is sufficient to undermine confidence in the outcome of the trial. *Id* at 696. When *Strickland's* general standard is combined with the standard of review governing 28 U.S.C. § 2254 habeas corpus cases, the result is a "doubly deferential judicial review." *Mirzayance*, 129 S.Ct. at 1420.

During his PCR deposition, petitioner asserted that counsel did not give him an opportunity to testify at his criminal trial even though he was prepared to testify that it was actually the victim who had been stalking *him* up until the time he visited her home in 2005. Respondent's Exhibit 122, pp. 8-16. Trial counsel submitted an affidavit containing the following:

> 1. Petitioner alleges that he told me prior to and during trial court proceedings that he wanted to testify and that I did not further discuss this with him and failed to call him as a defense witness before resting the case. This claim is incorrect.

> 2. Mr. Fluger and I several times discussed whether he should be a witness. I advised Mr. Fluger that it would not be a good idea for him to take the stand. The reason I advised him not to testify -- and I distinctly recall talking to him about it - is that he believed the victim had been stalking him, and he wouldn't budge from this position. This was an absurd belief on his part and I feared the jury would think Mr. Fluger was quite crazy and dangerous if he testified.
>
> * * * * *
>
> 3. Despite my conclusion that Mr. Fluger should not take the stand, I nevertheless explained to him that it was his right to testify and that if he decided that he wanted to testify, that I would put him on the stand, even though I thought this would harm his case. Mr. Fluger accepted my advice and decided not to testify. I recall that Mr. Fluger and I discussed whether he would testify right before I told the court that the defense rests.

Respondent's Exhibit 121, p. 2.

The PCR trial court specifically found counsel to be a credible witness, and found petitioner not to be a credible witness. Respondent's Exhibit 125, p. 4. Because petitioner has not presented this court with clear and convincing evidence to rebut this credibility determination, the court accepts it as true. *See* 28 U.S.C. § 2254(e)(1). As such, the record demonstrates that counsel discussed the issue of petitioner's testimony with him and advised him not to testify. Petitioner accepted that advice and elected not to testify. In light of this record, petitioner cannot plausibly assert that counsel's performance fell below an objective

standard of reasonableness for failing to ensure that petitioner knowingly and voluntarily waived his right to testify. Accordingly, the state court decision denying relief on petitioner's ineffective assistance of counsel claim is neither contrary to, nor an unreasonable application of, clearly established federal law.

**CONCLUSION**

For the reasons identified above, the Amended Petition for Writ of Habeas Corpus (#9) is DENIED. The court declines to issue a Certificate of Appealability on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this 2nd day of May, 2013.

Robert E. Jones
United States District Judge