IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOHN ARTHUR FLUGER,

       Petitioner,

    v.

DARREN DANIELS, et al.,

       Respondents.

Case No. 3:12-cv-00086-JO

OPINION AND ORDER

Thomas J. Hester, Assistant Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, Oregon 97204

    Attorney for Petitioner

Ellen F. Rosenblum, Attorney General
Nick M. Kallstrom, Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97310

    Attorneys for Respondent

1 - OPINION AND ORDER

JONES, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 challenging the legality of his underlying state-court convictions for Stalking and Violation of a Court's Stalking Protective Order.  For the reasons that follow, the Amended Petition for Writ of Habeas Corpus (#9) is denied.

**BACKGROUND**

Petitioner began stalking the victim in this case, Kelly Mazour, in the early 1990's.  In an attempt to evade petitioner, Mazour quit her job, moved away, changed her telephone number and ensured the new number was unlisted.  Nevertheless, petitioner located Mazour and continued to and harass her.  As a result, in February 1997, petitioner was convicted of violating a court stalking order resulting in a five-year probationary sentence. Four years later, petitioner absconded from his probation.

In April 2005, petitioner resumed stalking Mazour.  Mazour contacted the authorities, and the Multnomah County Grand Jury indicted petitioner on charges of Stalking and Violating a Court's Stalking Protective Order.  Following a jury trial at which he did not testify, the trial court imposed concurrent 56-month departure sentences and three years of post-prison supervision.  Respondent's Exhibit 105, p. 62.

Petitioner took a direct appeal challenging the imposition of his departure sentences, but the Oregon Court of Appeals affirmed

2 - OPINION AND ORDER

trial court without opinion, and the Oregon Supreme Court denied review. *State v. Fluger*, 221 Or. App. 197, 189 P.3d 752, *rev. denied*, 345 Or. 317, 195 P.3d 65 (2008).

Petitioner next filed for post-conviction relief ("PCR") in Marion County where the PCR trial court denied relief. Respondent's Exhibit 126. The Oregon Court of Appeals affirmed the PCR trial court's decision without opinion, and the Oregon Supreme Court denied review. *Fluger v. Kilmer*, 241 Or. App. 723, 250 P.3d 992, *rev. denied*, 340 423, 256 P.3d 1097 (2011).

Petitioner filed this federal habeas corpus case on January 13, 2012 wherein he raises four grounds for relief with a number of sub-claims. Respondent asks the court to deny relief on the Amended Petition because: (1) with the exception of a single claim of ineffective assistance of counsel, all of petitioner's claims are procedurally defaulted; and (2) petitioner's ineffective assistance of counsel claim lacks merit.

## DISCUSSION

### I.    Unargued Claims

It is petitioner who is responsible for meeting his burden of proof in this case. *Silva v. Woodford*, 279 F.3d 825, 835 (9th Cir. 2002). With the assistance of appointed counsel, petitioner chooses to argue a single claim: whether trial counsel was ineffective for failing to ensure that petitioner's waiver of his right to testify in his own defense was knowing, voluntary, and

3 - OPINION AND ORDER

intelligent.  Petitioner does not argue the remaining claims in his
Amended Petition, nor does he address respondent's contention that
the remaining claims are procedurally defaulted.  Consequently,
petitioner has not met his burden in this case.  Notwithstanding
this failure, the court has reviewed petitioner's unargued claims
on the existing record and finds that they do not entitle him to
habeas corpus relief.

II.  **<u>The Merits</u>**

    A.  **<u>Standard of Review</u>**

An application for a writ of habeas corpus shall not be
granted unless adjudication of the claim in state court resulted in
a decision that was: (1) "contrary to, or involved an unreasonable
application of, clearly established Federal law, as determined by
the Supreme Court of the United States;" or (2) "based on an
unreasonable determination of the facts in light of the evidence
presented in the State court proceeding."  28 U.S.C. § 2254(d).  A
state court's findings of fact are presumed correct, and petitioner
bears the burden of rebutting the presumption of correctness by
clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to . . . clearly
established precedent if the state court applies a rule that
contradicts the governing law set forth in [the Supreme Court's]
cases" or "if the state court confronts a set of facts that are
materially indistinguishable from a decision of [the Supreme] Court

4 - OPINION AND ORDER

and nevertheless arrives at a result different from [that] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, a federal habeas court may grant relief "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id* at 413.  The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous. *Id* at 410.  The state court's application of clearly established law must be objectively unreasonable.  *Id* at 409.

### B. **Analysis**

According to petitioner, his trial attorney refused to allow him to take the stand despite petitioner's desire to do so. Consequently, petitioner asserts that counsel rendered ineffective assistance when he failed to ensure that petitioner knowingly and voluntarily waived his right to testify on his own behalf.

Because no Supreme Court precedent is directly on point that corresponds to the facts of this case, the court uses the general two-part test established by the Supreme Court to determine whether petitioner received ineffective assistance of counsel. *Knowles v. Mirzayance*, 556 U.S. 111, 122-23 (2009).  First, petitioner must show that his counsel's performance fell below an objective standard of reasonableness.  *Strickland v. Washington*, 466 U.S. 668, 686-87 (1984).  Due to the difficulties in evaluating

5 - OPINION AND ORDER

counsel's performance, courts must indulge a strong presumption that the conduct falls within the "wide range of reasonable professional assistance." *Id* at 689.

Second, petitioner must show that his counsel's performance prejudiced the defense. The appropriate test for prejudice is whether the petitioner can show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id* at 694. A reasonable probability is one which is sufficient to undermine confidence in the outcome of the trial. *Id* at 696. When *Strickland's* general standard is combined with the standard of review governing 28 U.S.C. § 2254 habeas corpus cases, the result is a "doubly deferential judicial review." *Mirzayance*, 129 S.Ct. at 1420.

During his PCR deposition, petitioner asserted that counsel did not give him an opportunity to testify at his criminal trial even though he was prepared to testify that it was actually the victim who had been stalking *him* up until the time he visited her home in 2005. Respondent's Exhibit 122, pp. 8-16. Trial counsel submitted an affidavit containing the following:

> 1.  Petitioner alleges that he told me prior to and during trial court proceedings that he wanted to testify and that I did not further discuss this with him and failed to call him as a defense witness before resting the case. This claim is incorrect.

6 - OPINION AND ORDER

2.    Mr. Fluger and I several times discussed
      whether he should be a witness.    I
      advised Mr. Fluger that it would not be a
      good idea for him to take the stand.   The
      reason I advised him not to testify --
      and I distinctly recall talking to him
      about it - is that he believed the victim
      had been stalking him, and he wouldn't
      budge from this position.   This was an
      absurd belief on his part and I feared
      the jury would think Mr. Fluger was quite
      crazy and dangerous if he testified.

                      * * * * *

3.    Despite my conclusion that Mr. Fluger
      should not take the stand, I nevertheless
      explained to him that it was his right to
      testify and that if he decided that he
      wanted to testify, that I would put him
      on the stand, even though I thought this
      would harm his case.   Mr. Fluger accepted
      my advice and decided not to testify.   I
      recall that Mr. Fluger and I discussed
      whether he would testify right before I
      told the court that the defense rests.

Respondent's Exhibit 121, p. 2.

    The PCR trial court specifically found counsel to be a

credible witness, and found petitioner not to be a credible

witness.   Respondent's Exhibit 125, p. 4.   Because petitioner has

not presented this court with clear and convincing evidence to

rebut this credibility determination, the court accepts it as true.

See 28 U.S.C. § 2254(e)(1).   As such, the record demonstrates that

counsel discussed the issue of petitioner's testimony with him and

advised him not to testify.   Petitioner accepted that advice and

elected not to testify.   In light of this record, petitioner cannot

plausibly assert that counsel's performance fell below an objective

    7 - OPINION AND ORDER

standard of reasonableness for failing to ensure that petitioner knowingly and voluntarily waived his right to testify. Accordingly, the state court decision denying relief on petitioner's ineffective assistance of counsel claim is neither contrary to, nor an unreasonable application of, clearly established federal law.

### CONCLUSION

For the reasons identified above, the Amended Petition for Writ of Habeas Corpus (#9) is DENIED. The court declines to issue a Certificate of Appealability on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this __2nd__ day of May, 2013.

_____
Robert E. Jones
United States District Judge

8 - OPINION AND ORDER